Argued and submitted March 22, ballot titles certified as modified April 6, 2000

Kathy ZEHNER,
*Petitioner,*

*v.*

Hardy MYERS,
Attorney General,
State of Oregon,
*Respondent,*

*and*

Timothy J. NESBITT,
*Intervenor.*

(SC S47164, S47232, S47233, S47234, S47235, S47308)
(Consolidated for Argument and Opinion)

5 P3d 600

Bruce A. Bishop, of Harrang Long Gary Rudnick PC, Salem, argued the cause and filed the petitions for petitioner.

With him on the petitions was James E. Mountain, Jr., Salem.

Richard David Wasserman, Assistant Attorney General, Salem, argued the cause and filed the answering memoranda for respondent. With him on the answering memoranda were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Steven Novick, Portland, filed memoranda for intervenor.

GILLETTE, J.

Van Hoomissen, J., dissented and filed an opinion in which Riggs, J., joined.

## GILLETTE, J.

■     These are six ballot title review proceedings, brought under ORS 250.085(2), relating to six different but very similar initiative measures. The proceedings have been consolidated for argument, consideration, and decision. Petitioner is an elector who timely submitted written comments to the Secretary of State respecting the content of the draft ballot title for each of the proposed measures, which the Secretary of State had designated as Initiative Petitions 108, 122, 123, 124, 125, and 139 (2000). Petitioner therefore is entitled to seek review of the resulting ballot titles certified by the Attorney General. *See* ORS 250.085(2) (setting that requirement). We review the Attorney General's certified ballot titles to determine whether they substantially comply with the requirements of ORS 250.035(2) (1997).[1] *See* ORS 250.085(5) (setting out standard of review). For the reasons that follow, we conclude that none of the six ballot titles meets the foregoing statutory standard. We therefore modify all six ballot titles.

The measures in question would establish certain rights of health care patients, impose duties on various health care providers and insurers who offer health or accident insurance, and require an independent review process respecting payment and coverage decisions by insurers and health care providers. The ballot titles certified by the Attorney General for the six measures are identical with respect to the caption and result statements. The caption and result statements for each of the six proposed measures are as follows:

---

[1] The 1999 Legislature amended ORS 250.035(2) in several respects. Or Laws 1999, ch 793, § 1. However, section 3 of that 1999 enactment provides, in part:

"(1) The amendments to ORS 250.035 by section 1 of this 1999 Act do not apply to any ballot title prepared for:

"(a) Any initiative petition that, if filed with the Secretary of State with the required number of signatures of qualified electors, will be submitted to the people at the general election held on the first Tuesday after the first Monday in November 2000[.]"

The present proposed measures are ones to which the 1999 act does not apply. We therefore apply the pertinent provisions of ORS 250.035(2) (1997).

"ESTABLISHES: PATIENT RIGHTS, MEDICAL
PLAN DUTIES; INDEPENDENT EXTERNAL
REVIEW PROCESS

"RESULT OF 'YES' VOTE: 'Yes' vote establishes: patient rights, medical plan duties; independent external review for payment, coverage decisions.

"RESULT OF 'NO' VOTE: 'No' vote rejects: patient rights, medical plan duties; independent external review for payment, coverage decisions."

Although all the captions and result statements are identical, the summaries in the Attorney General's certified ballot titles differ to reflect the differences among the measures. We set out each of the summaries—none of which we alter—at the conclusion of this opinion.

Petitioner makes a variety of attacks on all aspects of the six certified ballot titles. We have considered each of those arguments and conclude that only one demonstrates that the Attorney General's certified ballot titles fail to comply substantially with the standards for such ballot titles set out in ORS 250.035(2)(a) to (d) (1997). We confine our discussion to the one challenge that we find to be well taken.

■       As noted, the Attorney General's "no" result statement states: " 'No' vote rejects: patient rights, medical plan duties; independent external review for payment, coverage decisions." Petitioner argues, correctly, that the "no" result statement is incorrect; what is "rejected" is not *all* patient rights, medical plan duties, and the like. Many patient rights and medical plan duties already exist from independent sources. Instead, a "no" vote on the proposed measures would reject any statutory increase in rights, duties, etc. To comply substantially with ORS 250.035(2)(c) (1997), which requires that the Attorney General provide a "no" result statement that accurately "describes the result if the state measure is rejected," the Attorney General's "no" result statement must be modified. We do that by inserting the word "increasing" before the words "patient rights" in the Attorney General's "no" result statement and by deleting the word "external." Deletion of the word "external" from the phrase "independent external review" sacrifices little of the information that a

voter would need to have. What is central is the concept of "independent" review; whether that review is "internal" or "external" is pertinent, but not as important as correcting the misimpression created by the present phrasing of the "no" result statements following the word "rejects." We modify the Attorney General's "no" result statement for each of the six ballot titles accordingly.

Modification of the "no" result statement in turn has two consequences: The "yes" result statement, which should parallel the "no" result statement wherever practical, ORS 250.035(3), also should be modified by adding the word "increased" and deleting the word "external." A similar modification to the caption completes the parallel construction of those three parts of the ballot title. We make those modifications, as well.

We certify to the Secretary of State the following ballot title for Initiative Petition 108 (case number S47164):

ESTABLISHES: INCREASED PATIENT RIGHTS,
MEDICAL PLAN DUTIES; INDEPENDENT
REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients right to: independent external review of plan's payment, coverage decisions; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; recover damages for harm caused by plan's failure to exercise ordinary care; obtain drugs outside medical plan's formulary in specified circumstances. Plans must have sufficient providers ensuring benefit access without unreasonable delay. Department of Consumer and Business Services must adopt rules, including minimum nurse-to-patient ratios for licensed medical facilities. Prescribes independent review process. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 122 (case number S47232):

### ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients right to: independent external review of plan's payment, coverage decisions; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; continue care with primary care provider under specified conditions; recover damages for harm caused by plan's failure to exercise ordinary care; obtain drugs outside medical plan's formulary in specified circumstances. Plans must have sufficient providers ensuring benefit access without unreasonable delay. Prescribes independent review process. Requires Department of Consumer and Business Services to adopt rules. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 123 (case number S47233):

### ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients right to: independent external review of plan's decisions denying payment, or denying, reducing or terminating coverage; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; continue

care with primary care provider under specified conditions; obtain drugs outside medical plan's formulary in specified circumstances. Medical plans must have sufficient providers, facilities to ensure patient access to covered benefits without unreasonable delay. Prescribes independent review process. Requires Department of Consumer and Business Services to adopt rules. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 124 (case number S47234):

### ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients right to: independent external review of plan's decisions denying payment, or denying, reducing or terminating coverage; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; continue care with primary care provider under specified conditions. Medical plans must have sufficient providers, facilities to ensure patient access to covered benefits without unreasonable delay; sufficiency based on location, provider-to-patient ratios, other factors. Prescribes independent review process. Department of Consumer and Business Services must adopt rules. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 125 (case number S47235):

### ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients right to: independent external review of plan's decisions denying payment, or denying, reducing or terminating coverage; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; continue care with primary care provider under specified conditions; recover damages for harm caused by plan's failure to exercise ordinary care. Plans must have sufficient providers, facilities ensuring patient access to covered benefits without unreasonable delay. Prescribes independent review process. Department of Consumer and Business Services must adopt rules. Other provisions.

We certify to the Secretary of State the following ballot title for Initiative Petition 139 (case number S47308):

ESTABLISHES: INCREASED PATIENT RIGHTS, MEDICAL PLAN DUTIES; INDEPENDENT REVIEW PROCESS

RESULT OF "YES" VOTE: "Yes" vote establishes: increased patient rights, medical plan duties; independent review for payment, coverage decisions.

RESULT OF "NO" VOTE: "No" vote rejects: increasing patient rights, medical plan duties; independent review for payment, coverage decisions.

SUMMARY: Grants medical-plan patients rights to: independent external review of plan's decisions denying payment, or denying, reducing or terminating coverage; standing referral to specialist under defined circumstances; referral to outside provider in specified situations; continue care with primary care provider under specified conditions; recover damages for harm caused by plan's failure to exercise ordinary care. Plans must have sufficient providers, facilities ensuring patient access to covered benefits without unreasonable delay. Prescribes independent review process. Department of Consumer and Business Services must adopt rules. Other provisions.

Ballot titles certified as modified. This decision shall become effective in accordance with ORAP 11.30(10).

**VAN HOOMISSEN, J.,** dissenting.

I respectfully dissent. In my view, the Attorney General's certified ballot title substantially complies with the requirements of ORS 250.035 (1997). ORS 250.085(5).

The unspoken premise on which this court's modification decision is based is that it does not violate the principle of separation of powers for this court to rewrite a certified ballot title. *See Rooney v. Kulongoski (Elections Division #13)*, 322 Or 15, 55, 902 P2d 1143 (1995) (Unis, J., dissenting) (arguing that judicial modification of ballot titles offends Article III, section 1, of the Oregon Constitution); *Sizemore v. Kulongoski*, 322 Or 229, 237, 905 P2d 1146 (1995) (Durham, J., concurring) (same). The court should revisit that premise.

Riggs, J., joins in this opinion.